**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:**<br><br>**DENNIS A. PERRY,**<br><br>**DEBTOR.** | § § § § § | **CASE NO. 20-11986**<br><br>**CHAPTER 11 (SUBCHAPTER V)**<br><br>**SECTION A** |
| **PERRY ASSOCIATES, LLC; CRESCENT CITY PROPERTY REDEVELOPMENT ASSOCIATION, LLC; CRESCENT CITY MEDICAL SERVICES, INC.; PRIVATE CONNECTIONS AUTO, LLC; 4330 STATE STREET DRIVE, LLC; 1100 SOUTH JEFFERSON DAVIS PARKWAY, LLC,**<br><br>**PLAINTIFFS,**<br><br>**V.**<br><br>**DENNIS A. PERRY AND DEALS ON WHEELS, LLC,**<br><br>**DEFENDANTS.** | § § § § § § § § § § § § § § § § § § § | **ADV. NO. 21-1002** |
| **DENNIS PERRY,**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**DARRYL FISH,**<br><br>**DEFENDANT.** | § § § § § § § § § § | **ADV. NO. 21-1024** |

**MEMORANDUM OPINION AND ORDER**

The Court held a hearing on September 2, 2026, to consider the *Motion for Entry of Order Finding Dr. William Alden in Civil Contempt for Failure To Comply with the Court's Sale Order Relating to Real Property Referred to as 3065 S. Palm Drive, Slidell, LA 70458 and 3303 Bonfouca*

*Dr., Slidell, LA 70458 and Expanding Scope of Trustee's Post-Confirmation Duties To Include Filing an Involuntary Bankruptcy Case Against the JV Entities* (the "Motion"), [ECF Doc. 795], filed by Leo D. Congeni, appointed Subchapter V Trustee in the above-captioned case. Responses were filed by the Debtor and Dr. William Alden. [ECF Docs. 799 & 800].[1]

On November 30, 2020, the Debtor filed a voluntary petition for bankruptcy relief under chapter 11, subchapter V, of the Bankruptcy Code. [ECF Doc. 1]. On December 1, 2020, the Office of the United States Trustee, Region 5, appointed Leo D. Congeni as the Subchapter V Trustee in the case. [ECF Doc. 10]. The Debtor's estate included interests in three joint-venture agreements related to real estate located at (a) 27420 Sampson St., Lacombe, LA; (b) 3065 South Palm Dr., Slidell, LA; and (c) 3033 Bonfouca Dr., Slidell, LA.

On November 21, 2023, the Court entered an *Amended and Superseding Memorandum Opinion and Order*, [ECF Doc. 433], granting, among other things, the Debtor's *Motion To Terminate Joint Venture Agreements in Order To Trigger Sale Provisions and Motion for Accounting*, [ECF Docs. 79 & 163], and ordering the Subchapter V Trustee to obtain independent appraisals of the three joint-venture properties, retain a real-estate agent, market and sell the three properties, and seek final Court approval of the sale of the properties. [ECF Doc. 433, at 53–55]; *see also* [ECF Docs. 746 & 747] (affirming this Court's orders).[2]

---

[1] On August 26, 2026, counsel for Dr. Alden filed an *ex parte* motion to submit an untimely response to the Motion, but did not submit a proposed order as required by section 10 of the Court's Administrative Procedures Manual. [ECF Doc. 798]. Nevertheless, when counsel appeared telephonically at the hearing, the Court considered Dr. Alden's untimely response.

[2] On March 30, 2026, the District Court affirmed in part and reversed in part this Court's orders on liability, damages, and motions to amend judgment, reversing in part only "to the extent that they find the [Debtor's] Reconventional Demand only asserted fraud and LUPTA claims against Dr. Alden individually." [ECF Doc. 747]. The District Court remanded the case to this Court to make additional findings on that issue alone. *See id.* No stays pending appeal have been granted on any order issued by this Court or by the District Court.

On April 18, 2024, the Court entered an order confirming the Debtor's plan of reorganization, which provided, among other things, that creditors shall be entitled to receive excess proceeds from the sale of the joint venture properties and which extended the term of service of the Subchapter V Trustee to complete the sales of the three joint-venture properties. [ECF Doc. 515].

The Sampson Property sold on or about August 12, 2024, with Dr. Alden's full cooperation. *See* Motion, ¶ 10.

As detailed in the Subchapter V Trustee's pleading filed on May 7, 2026, the South Palm and Bonfouca properties were scheduled to be sold in the first quarter of 2025 after an auction process,[3] but those sales were delayed and ultimately cancelled as a result of actions taken by the buyer and Dr. Alden amid allegations of collusion. [ECF Doc. 752]; *see also* Motion, ¶¶ 15–16. In May 2026, the Subchapter V Trustee and other estate professionals secured additional buyers for the two properties. After notice and hearing, the Court issued an order on May 21, 2026, allowing the sale of the South Palm and Bonfouca properties to the two new buyers, specifically instructing Dr. Alden to "execut[e] the purchase agreements, act of sales, cancellations of bond for deed contracts, authorizations, and such other documents necessary to close or effectuate the sales on behalf of Perry Associates, LLC; 3065 South Palm Drive, LLC; or such other transferee of either of these entities." [ECF Doc. 769, ¶ 7]. On the date scheduled for closing, July 23, 2026, Dr. Alden failed to appear and execute the documents required to effect the sale. Neither Dr. Alden

[3] The Court authorized the auction process by order dated November 25, 2024. [ECF Doc. 601]. That order required Dr. Alden to "execute acts of sales, cancellations of bond for deed contracts, authorizations, and such other documents necessary to close or effectuate the sales on behalf of Perry Associates, LLC; 3065 South Palm Drive, LLC; or such other transferee of either of these entities." *Id*.

nor his counsel responded to attempts to reschedule the closing date, forcing the Subchapter V Trustee to file the instant Motion. *See* Motion, ¶¶ 23–33 & exhibits.

Counsel for Dr. Alden appeared telephonically at the hearing on the Motion and represented that he "would instruct" his client to appear at the next scheduled closing date and comply with this Court's orders to execute necessary documents to effect the sale of the South Palm and Bonfouca properties.

For the reasons stated on the record,

**IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Dr. William Alden, the Subchapter V Trustee, and the other parties necessary to close the sale of the properties located at 3065 South Palm Dr., Slidell, LA and 3303 Bonfouca Dr., Slidell, LA **SHALL APPEAR IN PERSON** at the United States Bankruptcy Court, 500 Poydras St., Courtroom B-709, New Orleans, LA 70130, on **WEDNESDAY, SEPTEMBER 23, 2026, AT 9:30 A.M.** (the "Closing").

**IT IS FURTHER ORDERED** that Dr. William Alden shall appear at the Closing and execute acts of sale, deeds, company authorizations, and such other documents necessary to close or effectuate the sales of the South Palm and Bonfouca properties.

**IT IS FURTHER ORDERED** that should Dr. William Alden fail to do so, pursuant to Federal Rule of Civil Procedure 70, made applicable here by Federal Rules of Bankruptcy Procedure 7070 and 9014, the Court will order the Subchapter V Trustee to execute the necessary documents on behalf of Dr. Alden, individually and/or in his role as controlling member of Perry Associates, LLC, 3065 South Palm Drive LLC, or such other transferee of either of those entities. Rule 70 governing "Enforcing a Judgment for a Specific Act" provides:

> (a) Party's Failure to Act; Ordering Another to Act. If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other

> specific act and the party fails to comply within the time specified, the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court. When done, the act has the same effect as if done by the party.

FED. R. CIV. P. 70(a). The Court specifically orders that Bankruptcy Rule 7070 applies in this contested matter. Dr. William Alden has been ordered to execute documents required to complete the sales of the South Palm and Bonfouca properties within a time specified and has failed to do so; thus, he is considered to be a "disobedient" party for purposes of Rule 70. *See Flinn v. Rains (In re Rains)*, 338 B.R. 99, 101–03 (Bankr. E.D. Cal. 2006).

**IT IS FURTHER ORDERED** that should the Court be required to appoint the Subchapter V Trustee at the Closing to execute the necessary documents on behalf of Dr. William Alden, individually and/or in his role as controlling member of Perry Associates, LLC, 3065 South Palm Drive LLC, or such other transferee of either of those entities, pursuant to Rule 70, the Court will award in favor of the Subchapter V Trustee reasonable expenses associated with the filing of the Motion and the need to reschedule and attend the Closing.

**IT IS FURTHER ORDERED** that the Subchapter V Trustee shall immediately serve this Order via first-class U.S. Mail on all required parties who will not receive electronic notice via this Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and this Court's Local Rules and file a certificate of service.

New Orleans, Louisiana, September 4, 2026.

MEREDITH GRABILL
UNITED STATES BANKRUPTCY COURT